139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sara ANGULO-CIFUENTES; Sara Analie Gomez, Sara Analie
Angulo Gomez; Flor De Maria Flor De Maria Angulo
Gomez, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70507.
INS Nos. Axa-ten-eaf Asp-gcg-phs Auw-chw-bkm.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Sara Angulo-Cifuentes, a citizen of Guatemala, challenges the decision by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge, who concluded that she was ineligible for asylum and withholding of deportation.[1] We review the BIA's decision to determine whether it is supported by substantial evidence in the record, see Prasad v. INS, 83 F.3d 315, 317 (9th Cir.1996), and affirm.
 
 
 3
 Petitioner sought asylum on the ground that her association with her father and sister gave rise to a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A) (Supp.1997). Petitioner reported that her sister lived with a man whose brother was a guerrilla, although Guatemalan authorities did not persecute the petitioner or her sister as a result. Petitioner's father, now deceased, participated in union organizing activity about fifteen years ago. As a result, authorities kept him from working in his trade, but did not otherwise persecute him. The petitioner testified, however, that authorities did not persecute her as a result of her father's unionist activities, even though she remained in Guatemala for about ten years following that time. Moreover, nothing in the record suggests that the Guatemalan government, or any other group in that country, is either aware of or interested in the petitioner's familial ties.
 
 
 4
 Under these circumstances, we conclude that substantial evidence supports the BIA's ruling that the petitioner failed to demonstrate a well-founded fear of future persecution. Accordingly, the BIA's decision is
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Petitioner's two minor children were derivative applicants for asylum and withholding of deportation. See 8 C.F.R. § 208.3(a)